```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE          MEMORANDUM & ORDER
RICHARDSON, and THOMAS F. CORBETT, as         14-CV-0765(JS)(AKT)
Trustees and fiduciaries of the Local
282 Pension Fund,

                    Plaintiffs,

        -against-

SCARA-MIX, INC.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Jonathan Michael Bardavid, Esq.
                    Christopher A. Smith, Esq.
                    Trivella & Forte, LLP
                    1311 Mamaroneck Avenue, Suite 170
                    White Plains, NY 10605

For Defendant:      Benjamin A. Karfunkel, Esq.
                    David William New, Esq.
                    Herbert New & David New, P.C.
                    1129 Bloomfield Avenue, Suite 215
                    West Caldwell, NJ 07006
```

SEYBERT, District Judge:

Pending before the Court are: (1) Thomas Gesualdi, Louis Bisignano, Anthony D' Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson and Thomas F. Corbett's (collectively "Plaintiffs") motion for partial summary judgment (Pls.' Mot., Docket Entry 51) and (2) Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") (R&R, Docket Entry 64) recommending that this Court grant

Plaintiffs' motion in part and deny it in part.  Specifically, Judge Tomlinson recommends that the Court require Defendant Scara-Mix, Inc. ("Defendant") to "make an accelerated withdrawal liability payment consisting of the entire withdrawal liability amount alleged to be due based upon its default . . . subject to any ultimate finding by the arbitrator as to the overall reasonableness of Plaintiffs' default and acceleration determination" and hold in abeyance the "determination of Plaintiffs' damages, attorneys' fees and costs . . . pending submission of a separate motion." (R&R at 46.)  For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

On February 4, 2014, Plaintiffs, as Trustees and fiduciaries of the Local 282 Pension Fund (the "Fund"), commenced this action to collect withdrawal liability from Defendant pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, et. seq. ("MPPAA").  (Compl., Docket Entry 1, ¶ 1.)  Plaintiffs also seek interest, liquidated damages, and attorneys' fees and costs in accordance with Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.  (Compl. ¶ 1.)

2

Defendant was a party to a Collective Bargaining Agreement (the "CBA") with Building Materials Teamsters Local 282 (the "Union") which required that Defendant make contributions to the Fund. (Compl. ¶¶ 10-11.) In July 2012, Defendant ceased its contributions and withdrew from the Fund. (Compl. ¶¶ 13, 15.) Subsequently, the Fund demanded payment of Defendant's "proportionate share of the . . . Fund's unfunded vested benefits," known as withdrawal liability, and provided Defendant with a payment schedule. (Compl. ¶¶ 16-17.) Defendant failed to make the first scheduled payment, and Plaintiffs notified Defendant that "failure to cure the default within sixty (60) days would result in the acceleration of the entire amount of withdrawal liability." (Compl. ¶ 18.) Thereafter, Defendant filed a demand for arbitration disputing the imposition of withdrawal liability. (Compl. ¶ 19.) Plaintiffs allege that Defendant has an obligation to make payments while the arbitration is pending and has not complied, entitling them to accelerate the payments. (Compl. ¶¶ 20-23.)

On May 6, 2016, Plaintiffs filed a partial motion for summary judgment requesting that the Court "accelerate the $3,677,184.00 withdrawal liability balance and enter judgment requiring Defendant to immediately pay th[e] balance" and award 29 U.S.C. § 1132 damages, including liquidated damages, attorneys' fees, costs, and disbursements. (Pls.' Br., Docket Entry 51-14,

at 1.) On June 14, 2016, Defendant opposed the motion. (Defs.' Br., Docket Entry 54.) Plaintiffs filed their reply on June 28, 2016, and Defendants filed a sur-reply on July 14, 2016. (Pls.' Reply, Docket Entry 57; Def.'s Sur-Reply, Docket Entry 62.) On October 13, 2016, the undersigned referred the motion to Judge Tomlinson for a Report and Recommendation on whether the motion should be granted, and if necessary, to determine the appropriate amount of damages, costs and/or fees to be awarded. (Referral Order, Docket Entry 63.)

A. The R&R

On February 2, 2017, Judge Tomlinson issued her R&R recommending that:

> Plaintiffs' partial motion for summary judgment be GRANTED, in part, and DENIED, in part as follows: (1) Defendant be required to make an accelerated withdrawal liability payment consisting of the entire withdrawal liability amount alleged to be due based upon its default, pursuant to 29 U.S.C. 1399(c)(5)(B) and the relevant plan rules, and be subject to an ultimate finding by the arbitrator as to the overall reasonableness of Plaintiffs' default and acceleration determination; and (2) a determination of Plaintiffs' damages, attorney's fees and costs be held in abeyance pending submission of a separate motion by Plaintiffs addressing these issues and including proper substantiation to support the relief sought in the motion.

(R&R at 46.)

As a preliminary matter, Judge Tomlinson declined to adjudicate the underlying merits of this dispute—-specifically,

whether Defendant is in default within the meaning of the statute and whether Plaintiff properly accelerated withdrawal liability payments—because ERISA requires that the parties arbitrate such disputes.[1] (R&R at 23.) She found that particularly when the parties dispute certain facts related to the imposition of withdrawal liability, the dispute must be arbitrated. (R&R at 21.) Thus, she determined that the "narrow issue the Court must resolve is whether Plaintiffs have a statutory and regulatory right to effectively demand, on an interim basis, the entire withdrawal liability payment pending the arbitrator's final decision on the merits." (R&R at 24.) After examining the statutory language, the purpose of the applicable provisions and the relevant case law, Judge Tomlinson concluded that a plan was empowered to find an employer in default and accelerate payment of the full amount of withdrawal liability. (R&R at 32.) With regard to the specific circumstances in this case, Judge Tomlinson analyzed the plan rules and held that there was a basis for finding Defendant in default and, as a result, Plaintiffs were entitled to accelerate payment. (R&R at 35-36.) She found that a letter indicating that Defendant was insolvent constituted a reasonable basis for finding Defendant in default pursuant to the plan rules. (R&R at 36-38.)

---

[1] Initially, Judge Tomlinson analyzed Defendants' argument that the motion was improper because a claim for acceleration of withdrawal liability does not appear in the Complaint. (R&R 16-19.) Judge Tomlinson rejected that argument. (R&R at 18-19.)

5

Accordingly, she recommends that Defendant be required to make an accelerated payment of the entire withdrawal liability amount allegedly due based on its default, subject to a final determination by the arbitrator regarding the reasonableness of Plaintiffs' determinations. (R&R at 42.)

As to damages, Judge Tomlinson concluded that, although Plaintiffs provided adequate documentation related to the calculation of withdrawal liability, Plaintiffs failed to prove their entitlement to interest, liquidated damages, and attorneys' fees and costs with sufficient detail. (R&R at 43-45.) She recommends that a determination on Plaintiffs' request for damages and attorneys' fees and costs be held in abeyance pending the submission of a separate motion. (R&R at 46.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no

6

party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R (Docket Entry 64) is ADOPTED in its entirety. Plaintiffs' motion for partial summary judgment (Docket Entry 51) is GRANTED IN PART and DENIED IN PART. Specifically, Defendant is directed to make an accelerated payment of the entire withdrawal liability amount allegedly due based on its default within twenty (20) days of the date of this Memorandum and Order, subject to a final determination by the arbitrator. Further, the determination on Plaintiffs' request for damages and attorneys' fees and costs will be held in abeyance pending the submission of a separate motion. Plaintiffs shall file such motion within thirty (30) days of the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  10 , 2017
       Central Islip, New York